**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-60807

(Summary Calendar)
_____

RICKY D CUMMINS,

Petitioner,

versus

INGALLS SHIPBUILDING, INC.; DIRECTOR, OFFICE
OF WORKER'S COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR,

Respondents.

Petition for Review of an Order of
the Benefits Review Board
July 17, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Petitioner Ricky Cummins appeals the decision of the Benefits
Review Board affirming the Administrative Law Judge's ("ALJ")
denial of compensation under the Longshoremen's and Harbor Workers'
Compensation Act ("the Act") for an alleged injury to Cummins' back

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

and hip.  *See* 33 U.S.C. § 901 et. seq.  The ALJ concluded that "[t]he medical evidence of record is entirely insufficient to support Claimant's contention that he suffers any work related back or hip condition; nor does it support his testimony that the alleged back or hip conditions cause constant pain and prevent him from lifting anything."

Cummins contends that the ALJ erred in failing to apply the statutory presumption that his alleged injuries were within the provisions of the Act.  *See* 33 U.S.C. § 920(a) ("In any proceeding for the enforcement of a claim for compensation under this [Act] it shall be presumed, in the absence of substantial evidence to the contrary . . . [t]hat the claim comes within the provisions of this [Act].").  Even assuming that Cummins alleged sufficient facts to state a prima facie claim for compensation under the Act, Ingalls Shipbuilding presented substantial evidence contradicting Cummins' allegations of a back and hip injury related to his work accident, and the ALJ explicitly discredited Cummins' testimony.  We find the conclusion of the Supreme Court in *U.S. Industries/Federal Sheet Metal, Inc. v. Director, Office of Workers' Compensation Programs*, 445 U.S. 608, 102 S. Ct. 1312, 71 L. Ed. 2d 495 (1982) particularly apt here:

> Riley's claim stated a prima facie case of compensability; if the Administrative Law Judge had believed Riley's allegations, he would have found that Riley's attack of pain in the early morning of November 20 was caused by an injury suffered when Riley was lifting duct work on the job on November 19.  The judge,

> however, disbelieved Riley's allegations and marshaled substantial evidence to support his findings.

*Id.* at 616, 102 S. Ct. at 1318. Similarly, in the case at hand, the ALJ relied on the conclusions of three different doctors who examined Cummins and concluded that his back injuries, if they existed at all, were not causally related to his work accident. One doctor explained that Cummins "[did] not have a ratable back problem . . . because of the absence of any objective abnormalities." Except by asserting that the doctors' opinions are "unqualified," Cummins does not attempt to rebut their conclusions or present an alternative medical opinion. Accordingly, we affirm the decision of the Benefits Review Board. AFFIRMED.